Case 1:25-mj-00046-ZMF    Document 1-1

Case: 1:25-mj-00046
Assigned To : Judge Zia M. Faruqui
Assign. Date : 03/20/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

Your Affiant is a Deputy United States Marshal with the United States Marshals Service and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a law enforcement officer for over ten years and a Deputy United States Marshal in the District of Columbia for over seven years. I am currently assigned as a Deputy Untied States Marshal in the Criminal and Fugitive Investigations Section. I have drafted numerous affidavits in support of both arrest and search warrants. Additionally, I serve as a Task Force Officer on the Federal Bureau of Investigation's Washington D.C. Violent Crimes Task Force. I have personally arrested numerous individuals for murder, rape, robbery, and other violent crimes. Finally, I have recovered numerous firearms in the District of Columbia.

On or about December 10, 2021, Monte Johnson (DOB: 0XXXXXX), was convicted for the charge of Voluntary Manslaughter with a Firearm in District of Columbia Superior Court Case 2017 CF1 002356.  Your Affiant knows that, on or about December 10, 2021, Johnson was sentenced in that matter to 96 months of incarceration followed by five years of supervised release. Johnson's period of supervised release placed him under the supervision of the United States Parole Commission. Given this conviction and sentence, Johnson would have known that he had previously been convicted of an offense punishable by a term of imprisonment of more than one year. This conviction prohibited Johnson from possessing firearms or ammunition under both District of Columbia and United States Code.

Your Affiant is aware that, on or about February 24, 2025, the United States Parole Commission issued a Parole Violation Warrant for Johnson's arrest based on violation of his conditions of release.

On March 18, 2025, with knowledge of the active arrest warrant, an investigator with the United States Marshals Service (USMS) responded to 3735 Cassell Place NE, Washington, D.C., and conducted covert surveillance to locate Johnson. Your Affiant is aware of the investigator's eventual observation and positive identification of Johnson exiting 3735 Cassell Place NE Washington, D.C., wearing a black crossbody bag. Johnson entered a vehicle and left the area. The investigator then terminated surveillance.

On March 19, 2025, with knowledge of the active arrest warrant, your Affiant is aware that USMS investigators responded to 3735 Cassell Place NE, Washington, D.C. to locate Johnson. USMS investigators were dressed in casual clothing but wearing external law enforcement vests with "Police US Marshal" on both the front and back. Investigators knocked on the front door of 3735 Cassell Place NE, Washington, D.C., and the owner of 3735 Cassell Place NE, Washington, D.C. (hereinafter W-1), answered the door. Investigators identified Johnson by name and informed W-1 of the active arrest warrant for Johnson. W-1 responded they did not know anyone by Johnson's name, but upon reviewing a photograph of Johnson, W-1 subsequently positively identified Johnson as their relative's (hereinafter W-2) "boyfriend." W-1 allowed investigators to enter 3735 Cassell Place NE, Washington, D.C., to search for Johnson. W-1 informed investigators that they were unsure if Johnson was in the location, but Johnson stayed with W-2 in the third floor bedroom (Bedroom 1). Investigators eventually entered Bedroom 1 and observed Johnson laying on the bed. Johnson was the sole occupant of Bedroom 1 at the time. Johnson was placed under

arrest without incident. While placing Johnson under arrest pursuant to the aforementioned warrant, investigators observed in plain view a black cross body bag laying on the floor next to the bed Johnson had been in. A high-capacity ammunition feeding device was visibly protruding from the bag. An investigator confirmed that the black crossbody bag in Bedroom 1 was the same size, shape, and color as the crossbody bag Johnson possessed on March 18, 2025.

A plain view observation of the ammunition feeding device revealed it had a total capacity of twenty-two (22) rounds and displayed the Glock firearm company logo. Based on the shape of the cross-body bag and the way the ammunition feeding device was protruding from the bag, it appeared more likely than not that the ammunition feeding device was inserted into a firearm. USMS investigators contacted the Metropolitan Police Department's Homeland Security Bureau and confirmed there were no registered firearms at 3735 Cassell Place NE, Washington, D.C., and that neither Johnson nor W-2 had any registered firearms.

Your Affiant is aware that a D.C. Superior Court search warrant (2025 CSWSLD 001116) was subsequently issued for Bedroom-1 of 3735 Cassell Place NE, Washington, D.C. At about 11:55 AM on March 19, 2025, USMS investigators executed D.C. Superior Court search warrant 2025 CSWSLD 001116. During the search, the following items were recovered within the black crossbody bag that was recovered on the floor next to Johnson in Bedroom 1 and that was consistent with the bag Johnson carried on March 18, 2025:

- Wallet with bank cards in Johnson's name
- Glock 27 firearm with Serial Number XXXXXX
- 22 Round Magazine
- 19 Rounds of 40 Caliber Ammunition loaded in the magazine
- Newport cigarette pack containing two vials of amber liquid emanating the distinct odor of Phencyclidine (PCP)
- One and a half oval shaped pills, marked M522, in a small clear plastic bag
- One small vial containing a white powdery substance

On the bed Johnson had occupied prior to his arrest, law enforcement found and seized an Apple iPhone. Upon completion of the search warrant, your Affiant secured the above listed items in his USMS Government Vehicle and transported the items to the USMS office at 601 D Street NW, Washington, D.C.

Your Affiant conducted queries of the M522 oval shaped pills which were consistent with oxycodone and acetaminophen, a Schedule II controlled substance under the Controlled Substances Act. During execution of the search warrant, DUSMs located neither a prescription in Johnson's name nor a prescription pill bottle.

DUSMs measured the two vials containing amber liquid, which weighed a total of 83 grams, including the vials. Supervisory DUSM Maradin and DUSM Fortner conducted a field test on the suspected PCP which returned a presumptive positive color reaction for the presence of Phencyclidine.

2

      Your Affiant then conducted a further inspection of the Glock 27 firearm which had a serial number of XXXXXX. The firearm contained one round of ammunition in the chamber and eighteen rounds of ammunition in the magazine with a total capacity of twenty-two rounds. The firearm appeared to be fully functional. WALES/NCIC checks of the firearm revealed it was neither stolen nor registered in the District of Columbia. There are no firearms or ammunition manufacturers in the District of Columbia, therefore, the firearm and ammunition necessarily traveled via interstate commerce.

      Based on the foregoing, I submit that there is probable cause to believe that Johnson unlawfully possessed the firearm and ammunition therein, in violation of 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm that has been shipped or transported in interstate or foreign commerce.

                                                            _____
                                                            DEPUTY US MARSHAL TYLER WELLS
                                                            UNITED STATES MARSHALS SERVICE

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this  20th   day of March, 2025.*

                                                            _____
                                                            HONORABLE Zia M. Faruqui
                                                           UNITED STATES MAGISTRATE JUDGE